**William B. GILLINGHAM, Administrator of the Estate of Richard Dale Walker, deceased, Appellant,**

v.

**CONTINENTAL BANK & TRUST CO., (n/k/a County Bank of Richmond Heights), Respondent.**

No. WD 37792.

Missouri Court of Appeals, Western District.

Sept. 23, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1986.

Francis L. Kenney, III, Cook, Murphy & Kenney, of counsel, Clayton, for appellant.

Louis F. Bonacorsi, Gerald J. Zafft and Suzanne M. Horn, Coburn, Croft & Putzell, of counsel, St. Louis, for respondent.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

Plaintiff, administrator of the Estate of Richard Dale Walker, sued defendant, Continental, to recover on an alleged indemnification agreement entered into by it and the Bank of California with guarantors, Walker and associates, on a loan agreement whereby the banks did "jointly and severally hereby release, hold harmless and indemnify the Guarantors from any and all liability, damages and expenses incurred by the Guarantors as a result of the Guarantors entering into and executing the Leisure Lake Loan Agreement and related documents." Leisure Lake was a real estate development for recreational vehicles in Callaway County. Continental agreed, by its loan agreement of May 18, 1973, to finance the project by a loan of up to $1,200,000 for construction with the Bank of California participating in the loan because of Continental's lending limits. Title to the real estate was transferred to Continental as trustee holding bare legal title. As purchase prices were paid by lot purchasers, the loan was to be paid upon, and Continental was to deed the lots to the purchasers. As trustee, Continental held the promissory notes and deeds of trust issued by lot purchasers, as well as their contracts for purchases.

Walker and associates became guarantors of Continental's construction loan, the "Loan Agreement", and were released by it as guarantors under the above indemnification agreement on June 20, 1975, which is the subject of this suit.

According to the U.S. District Court opinion, infra, 462 F.Supp. at 126, Continental, before it would disburse funds, required that performance (completion) bonds be provided by Walker and associates. They complied and procured, on May 11, 1973, American Bonding Co. to bond the completion of the proposed improvements on the Leisure Lake project, for which a separate, existing corporation, Systems Leisure

Properties, Inc., owned by Walker and associates, was the principal on the bond, and which agreed to construct water and sewer systems, comfort stations, road system, swimming pool complex and main pavilion, and lake construction. Because it was not paid, Systems ceased work, and Continental gave notice to American that Systems was in default on completion of the bonded improvements. American, in connection with the issuance of its performance (completion) bond, required Walker and associates to execute a blanket indemnity agreement by which it was provided that they would indemnify the surety for all losses due to the failure of the principal (Systems) or indemnitors to comply with the conditions of the bonds, which Walker and associates did execute.

Continental, *as trustee* for lot purchasers and others, filed suit against American Bonding Co., to recover on its performance bonds, which resulted in a judgment against American for the entire amount of its bonds in favor of Continental. In that suit, American, as third party plaintiff, brought in Walker and associates as third party defendants. That third party claim resulted in a judgment in favor of American against Walker and associates for $457,151.98, as ultimately entered (after appeal to the 8th Circuit Court of Appeals) on February 25, 1982, which was after the date of Richard Dale Walker's death on April 28, 1980, according to a copy of his death certificate attached to the petition. It is this latter judgment which is the basis for plaintiff's claim against Continental on its alleged indemnity agreement.

Since there was no transcript prepared below, the facts set forth herein are gleaned mostly from the related case of *Continental Bank & Trust Co. v. American Bonding Co.*, 462 F.Supp. 123 (E.D. Mo.1978), and the same case on appeal, 605 F.2d 1049 (8th Cir.1979), which are cited in defendant's brief. In the District Court case, 462 F.Supp. 123, American raised nine affirmative defenses to Continental's claim. Among them was that the release executed on June 20, 1975 (to Walker and associates) released American. The court rejected the defense saying, "The record reflects that the release pertained only to a release of the obligations under the May 18, 1973 loan agreement by providing additional collateral. The fact that the bank released Systems from all liability, damages, and expenses incurred as a result of Systems 'entering into and executing the Leisure Lake Loan Agreement and related documents ...' is irrelevant to the bonding agreement. The 'related documents' obviously include the security agreements given at the time of the loan and not the bonding agreement. Continental did not release Systems as a principal on the bonds."

Continental apparently presented the foregoing federal court ruling to the trial court as a res judicata claim on its motion to dismiss plaintiff's petition for failure to state a cause of action upon which relief may be granted, although res judicata is not specifically pleaded, and apparently the trial court dismissed the petition on that basis. Continental argues here that the above federal cases compel a ruling that the doctrine of res judicata bars plaintiff's claim. As noted, however, the matter of Continental's release of Systems was an issue raised by American as a defense to Continental's claim under American's performance bond, and as between them that issue was ruled adversely to American. It did not affect in any way the claim of American asserted against third party defendants on their entirely separate blanket indemnity agreement given to American. The latter was an entirely separate and independent issue from that which was between Continental as plaintiff and defendant American. No issue in the federal court cases was adjudicated adversely to plaintiff here and in favor of Continental. See generally, 46 Am.Jur.2d Judgments § 546 (1969), "The general rule expressed or recognized in the cases is that parties to an action are not bound by the judgment therein in subsequent controversies between themselves where they were not adversaries in the action in which the judgment was rendered and their rights and

liabilities inter se were not put in issue and determined in that action." Furthermore, four concurring elements must be found to support traditional res judicata. See *Peoples-Home Life Insurance Company v. Haake*, 604 S.W.2d 1, 7[5] (Mo.App.1980), and the there cited case of *Prentzler v. Schneider*, 411 S.W.2d 135 (Mo. banc 1966). Two elements there listed are here missing: the identity of the thing sued for (the subject matter—here the suit on the indemnity agreement, which was not present in the federal court cases); and the identity of the persons or parties to the action—the federal cases involved a claim by Continental and a defense by American on the latter's performance bond, to which the present plaintiff was not a party. Hence, res judicata is not a proper basis for the sustaining of the motion to dismiss the suit.

As noted (although it is not pleaded by plaintiff), the American Bonding Co. performance bond was executed on May 11, 1973, presumably on which date Walker and associates (through Systems) gave American a blanket indemnity agreement. The release and indemnification agreement executed by Continental to Walker and associates did not mention the blanket indemnity agreement as a liability for which Walker and associates would be held harmless and indemnified for damages thereby arising therefrom as a "related document". The Loan Agreement of May 18, 1973, also did not mention the indemnity agreement to American. An issue of fact remains as to whether the indemnification agreement given to American was a related document under which Walker and associates' liability would be indemnified by Continental under the June 20, 1975 mutual release and indemnification agreement.

As above stated, Continental required Walker and associates to procure a completion bond on the Leisure Lake project before it would disburse funds under the loan agreement. Walker and associates, as principals, did procure that bond from American on May 11, 1973, before the loan agreement was executed on May 18, 1973. American's completion bond required Walker and associates to execute a blanket in-

demnity bond, which was the subject of its third party claim against them in federal court. That liability, which has become fixed by the federal court judgment, may certainly have been within the contemplation of the parties, since it was incident to the loan agreement, when the indemnification agreement of June 20, 1975 was executed. The exaction of a blanket indemnity bond from principals seems to be a common practice among bonding companies. See 74 Am.Jur.2d, Suretyship, § 177 (1974).

The judgment is reversed and the case is remanded with directions that plaintiff's petition be reinstated, and for further proceedings thereon.

All concur.